UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERT CINCOTTA,

                Plaintiff,

      -against-

HEMPSTEAD UNION FREE SCHOOL DISTRICT,

                Defendant.
------------------------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

      Plaintiff, ROBERT CINCOTTA, by and through his attorneys, Leeds Brown Law, P.C., as and for his complaint against the Defendants herein, alleges, upon personal knowledge and upon information and belief as to all other matters:

**JURISDICTION AND VENUE**

      1.    This action is brought against Defendant, Hempstead Union Free School District, for its violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; the Fourteenth Amendment to the United States Constitution (as enforced by 42 U.S.C. § 1983); the New York State Executive Law §290 et seq.; Americans with Disabilities Act, 42 U.S.C. 12111, et seq. and any other cause of action which can be inferred from the facts set forth herein.

      2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331. The supplemental jurisdiction of this Court is invoked over state causes of action, pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the action, including the unlawful employment practices alleged herein, occurred in this district.

4. Plaintiff filed a charge of discrimination with the EEOC and a Right to Sue letter was issued on May 19, 2015. This action is filed within 90 days thereof.

5. Plaintiff filed a Notice of Claim on September 19, 2013. A 50-h hearing was held on October 11, 2013. Defendant has failed and/or refused to make adjustment.

6. Any and all other prerequisites to the institution of this action have been met.

## PARTIES

7. Plaintiff, Robert Cincotta ("Plaintiff" or "Cincotta"), during all relevant times, was and remains a resident of Nassau County, State of New York.

8. Defendant, Hempstead Union Free School District ("Defendant" or "District"), at all times hereinafter mentioned, was and still is a public school district organized under the laws of the State of New York with its principal place of business at 185 Peninsula Avenue, Hempstead, New York 11550. Defendant is the entity that is in control of the school referenced in the body of this Complaint. The District is an "Employer" as defined by all relevant statutes.

## FACTS

9. Plaintiff is a fifty-seven year old Caucasian male, having a date of birth of August 6, 1958.

10. Plaintiff is a diabetic who suffers from and has received treatment for diabetes since the early 1990s. Plaintiff is insulin-dependent, and the District has been made aware of his condition throughout his employment.

11. On April 30, 1985, Plaintiff was hired by the District, and was appointed as a full-time Physical Education and Health Education teacher in September 1985.

12. In September 1988, Plaintiff received tenure.

13. On September 2, 2005, Plaintiff was hired as Director of Athletics and Physical Education.

14. On July 15, 2008, Plaintiff was granted a tenure appointment as Director of Athletics and Physical Education, with an effective tenure date of September 1, 2008.

15. During the duration of his service as Director of Athletics and Physical Education, Plaintiff received high performance evaluations, and was never disciplined or the subject of any negative performance evaluations or other forms of discipline.

16. During the 2011/2012 school year, and continuing to the 2012/2013 school year, and while observing the District's football teams within the scope of his duties as Director of Athletics and Physical Education, Plaintiff was forced to leave the sidelines to go into the press box, as the sun was creating physical manifestations of complications with his diabetes. When Plaintiff left the field, Head Custodian Curtis Hewett (African American), Head Groundsman John Tyson (African American), as well as Cheerleading Advisors Elyse Nicholson (African American) and Tina Lake (African American), made comments about Plaintiff's need to get out of the sun, with these comments including:

   a. "You can't take the heat."
   b. "You're too white to be out in the sun!"
   c. "You need to be black like us."

17. During the 2012/2013 school year, the District's Board of Education appointed Susan Johnson ("Johnson") (African American) as Superintendent. Following Johnson's

appointment, Plaintiff was subjected to more frequent discriminatory comments on the basis of his race/color.

18. Under the administration of Superintendent Johnson, Black or African American individuals represented the vast majority of all positions within the District's Central Office administration, as well as Defendant's individual Building administrations.

19. In February 2013, while acting as the Director of Athletics and Physical Education, Plaintiff checked grades for all athletes participating in winter sports, a District requirement. As per District policy, Plaintiff informed coaches of ineligible athletes, who were failing two or more classes.

20. In February 2013, Plaintiff informed Defendant's Athletic Department staff, as well as all of Defendant's principals at Defendant's high schools and middle schools, that Plaintiff was enforcing the District's policy on academic eligibility for student athletes.

21. In or around February 2013, Plaintiff received a phone call from the District's Special Assistant to the Superintendent, Robhyn Brazley ("Brazley") (African American). During the call, Plaintiff was accused of being a "racist," and was told that he was "trying to hurt black kids." Plaintiff was further directed to "stay in his office," because District Superintendent Johnson was going to "straighten [him] out."

22. Plaintiff voiced opposition to Brazley's discriminatory allegations.

23. On May 6, 2013, District Superintendent Johnson told Plaintiff that she was recommending to the Board of Education that Plaintiff's position as Director of Athletics be abolished for economic reasons, or "excessed."

24. The same day, the District posted job announcements for positions that were not included in the 2013/14 budget. These positions include, but were not limited to, Director of Social Studies and Director of Science, Technology, and Engineering.

25. On May 30, 2013, Superintendent Johnson sent Plaintiff a memorandum stating that budgetary limitations were motivating the discontinuance of Plaintiff's employment for the 2013/2014 school year. Notably, the document identified that Superintendent Johnson would be recommending Plaintiff's position be excessed by the District's Board of Education, and their meeting scheduled for June 30, 2013, from which an affirmative vote would terminate Plaintiff effective July 30, 2013.

26. On June 5, 2013, the District's Athletic Department hosted their annual Sports Award dinner. During the dinner, Board of Education President Betty Cross ("Cross") (African American) and Athletic Department Secretary Jeanne Collins ("Collins") (African American) engaged in a conversation, which Plaintiff witnessed, in which Cross asked Collins about Plaintiff's age and length of service with the District. Collins stated "Dr. Cincotta needs two more years to retire."

27. On June 13, 2013, the District posted a job announcement for the position of Assistant Superintendent for Special Education, a newly created position, and one which was not included in the 2013/14 budget.

28. On June 20, 2013, at a meeting of the Board of Education, the Board approved the termination of Plaintiff, purportedly on the basis of excessing his position, and with an effective termination date of June 21, 2013.

29. It is important to note that, under the Commissioner's Regulations, the position of Director of Physical Education must exist, and Plaintiff held tenure in this position.

Notably, this requirement for the position, and Plaintiff's tenure status, indicates that his termination was motivated by unlawful discrimination.

30. In September 2013, Plaintiff contacted the District's Benefits Manager, Mary Cash ("Cash"), inquiring about his health coverage. Cash told Plaintiff that the Superintendent's Office was complaining about Plaintiff receiving medical coverage, because he "was old enough to get Medicare."

31. Following Plaintiff's unlawful excessing, the District has granted the title of Director of Physical Education to Barbara Intrieri ("Intrieri"), a younger, less qualified individual.

32. Notably, the District has incurred additional expenses as a result Intrieri's promotion, as the District has hired replacement teachers to hold Intrieri's prior position. Further, Intrieri now earns more than Plaintiff had previously earned while holding his tenured position.

33. As a result of the District's discriminatory actions, Plaintiff has sustained significant financial damage, as well as workplace-related stress and anxiety, which has resulted in physical manifestations.

34. Upon information and belief, Plaintiff's termination and the racially-motivated animus directed at him as a Caucasian is further supported by the District's actions in terminating other Caucasian administrators under the leadership of Johnson and Cross. These terminations, include, but are not limited to:

   a. Assistant Superintendent Stephanie Clagnaz, terminated on or around Fall 2012.

   b. Director of Facilities Peter Cavassa, terminated on or around Spring 2013.

   c. Principal Dr. Sheryl Shidet, terminated on or around Spring 2013.

    d.  Principal David Evans, terminated on or around June 2013.

35. On May 30, 2014, Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR"), alleging that Defendant had engaged in unlawful discriminatory practices.

36. On November 25, 2014, the NYSDHR determined that probable cause exists to believe the District has engaged in or is engaging in the unlawful discriminatory practices complained of by Plaintiff.

37. On April 13, 2015, Plaintiff's NYSHDR case was dismissed by the Division for administrative convenience, so that he could pursue a federal remedy.

## CLAIMS FOR RELIEF

### FIRST CLAIM
(Age Discrimination – ADEA)

38. Plaintiff is over 40 years of age.

39. Defendant excessed Plaintiff's position because of his age, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et..seq.

### SECOND CLAIM
(Age Discrimination – NYSHRL)

40. Defendant excessed Plaintiff's position because of his age, in violation of the New York State Human Rights Law, NY Exec. Law §290, et seq.

### THIRD CLAIM
(Race Discrimination – Title VII)

41. Defendant excessed Plaintiff's position because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

### FOURTH CLAIM
(Race Discrimination – NYSHRL)

42. Defendant excessed Plaintiff's position because of his race, in violation of the New York State Human Rights Law, NY Exec. Law §290, et seq.

### FIFTH CLAIM
(Retaliation for Opposing Racial Discrimination – Title VII)

43. Plaintiff engaged in an activity protected under federal law by opposing the racial discrimination of the Defendant.

44. Defendant subjected the Plaintiff to an adverse employment action by excessing his position.

45. Plaintiff was subjected to the adverse employment action because of engaging in protected activities, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

### SIXTH CLAIM
(Retaliation for Opposing Racial Discrimination – NYSHRL)

46. Plaintiff engaged in an activity protected under the NYSHRL by opposing the racial discrimination of the Defendant.

47. Defendant subjected the Plaintiff to an adverse employment action by excessing his position.

48. Plaintiff was subjected to the adverse employment action because he engaged in protected activities, in violation of the New York State Human Rights Law, NY Exec. Law §290, et seq.

### SEVENTH CLAIM
(Disability Discrimination – ADA)

49. Plaintiff suffers from a disability.

50. Plaintiff was qualified to perform the essential functions of his job with the Defendant.

51. Defendant excessed Plaintiff's position due to his disability, in violation of the Americans with Disabilities Act, 42 U.S.C. 12111, et seq.

## EIGHTH CLAIM
(Disability Discrimination – NYSHRL)

52. Defendant "excessed" Plaintiff's position because of his disability, in violation of New York State Human Rights Law, N.Y. Exec. Law §290, et seq.

## DEMAND FOR A JURY TRIAL

53. Plaintiff demands a trial by jury of all issues and claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

54. Demand a jury trial on these issues to determine liability and damages;

55. A judgment declaring that the practices complained of herein are unlawful;

56. All damages, including without limitation liquidated damages, which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, general and special damages for lost compensation and job benefits he would have received but for Defendant's improper practices;

57. All damages which the Plaintiff has sustained as a result of Defendant's conduct, including general and special damages for job benefits he would have received but for Defendant's improper practices;

58. An award to Plaintiff of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

59. Awarding the Plaintiff compensatory damages including, but not limited to, damages for pain and suffering, humiliation, embarrassment and damage to reputation, character, and standing within the community;

60. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional acts where appropriate and permitted by law;

61. Awarding Plaintiff costs and disbursements incurred in connection with this action together with interest at the statutory rate;

62. Awarding Plaintiff reasonable attorneys' fees, expert witness fees, and other costs;

63. Pre-judgment and post-judgment interest, as provided by law; and

64. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: Carle Place, New York
       August 17, 2015

>                   Respectfully submitted,
>
>                   LEEDS BROWN LAW, P.C.
>                   *Attorneys for Plaintiff*
>                   One Old Country Road, Suite 347
>                   Carle Place, New York 11514
>                   (516) 873-9550
>
>                   By: _____/s/_____
>                           SEAN O'HARA