**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
ROBERT CINCOTTA,

                        Plaintiff,                          **ORDER**

          -against-                                CV 15-4821 (ADS) (AKT)

HEMPSTEAD UNION FREE SCHOOL
DISTRICT; BETTY J. CROSS, WAYLYN
HOBBS, JR., SHELLEY BRAZLEY,
BRANDON V. RAY, JOANN SIMMONS,
SUSAN JOHNSON, in their individual
capacities,

                        Defendants.
----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

        On September 21, 2016, the Court conducted a Discovery Status Conference in this matter. *See* DE 44. During that conference, the Court directed The Scher Law Firm, LLP ("TSLF"), then counsel of record for the Defendants, "to turn over the file involving the school district and any other defendants whom the Hamburger firm will be representing to Attorney Yaffe within one week. The Scher law firm retains its attorney lien for nonpayment under New York state law, [b]ut the file is to be turned over as directed." *Id.* ¶ 5.

        On November 3, 2016, TSLF filed a letter motion addressed to the undersigned seeking: (1) to withdraw as counsel of record for Defendants Shelley Brazley and Brandon V. Ray; and (2) enforcement of a charging lien asserted against Defendants for non-payment of fees incurred prior to successor counsel coming into the case. DE 48. In light of the fact that the motions should have been directed to Judge Spatt in the first instance, on November 17, 2016, Judge Spatt denied, without prejudice, that portion of TSLF's motion seeking to withdraw as counsel of

record for Defendants Brazley and Ray and referred the portion of the motion seeking enforcement of the charging lien to this Court. *See* DE 52.

Turning to the instant motion, the Court initially points out that TSLF's motion is procedurally defective since it fails to comply with Local Civil Rule 7.1(a), which requires, in part, a notice of motion and a memorandum of law, "setting forth the cases and other authorities relied upon in support of the motion. . . ." Local Civil Rule 7.1(a)(2). In addition, although TSLF seeks unpaid fees in the amount of $3,224.25 [*see* DE 48], the Court is unable to determine the underlying reasonableness of the outstanding fees charged since no contemporaneous time records have been provided. Indeed, "[t]he Second Circuit made clear in *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983), that 'any attorney . . . who applies for court-ordered compensation in this Circuit for work done . . . must document the application with contemporaneous time records,' which 'specify, for each attorney, the date, the hours expended, and the nature of the work done.'" *Pilitz v. Inc. Vill. of Freeport*, 762 F. Supp. 2d 580, 584 (E.D.N.Y. 2011).

Aside from these procedural deficiencies, TSLF's motion for fees predicated upon a charging lien levied pursuant to New York Judiciary Law § 475[1] suffers from a more fundamental defect — "a charging lien may only attach to 'the proceeds' of a party's affirmative

---

[1] New York Judiciary Law § 475 states that "[f]rom the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, or the initiation of any means of alternative dispute resolution including, but not limited to, mediation or arbitration, or the provision of services in a settlement negotiation at any stage of the dispute, the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien." N.Y. Judiciary Law § 475.

2

recovery." *Hampshire Grp. Ltd. v. Scott James Co.*, No. 14CV2637, 2015 WL 5306232, at *6 (S.D.N.Y. July 27, 2015) (quoting New York Judiciary Law § 475); *see Banque Indosuez v. Sopwith Holdings Corp.*, 98 N.Y.2d 34, 44, 745 N.Y.S.2d 754, 759, 772 N.E.2d 1112 (2002) ("[T]he litigation or settlement must result in more than the mere entry of a judgment on behalf of a client: there must be proceeds from the litigation upon which the lien can affix."). It follows that "[a]n attorney who merely defends or protects his client's interest in property without obtaining an affirmative recovery is not entitled to a lien on the property that his client retains." *Petition of Rosenman & Colin,* 850 F.2d 57, 61 (2d Cir. 1988); *see Martz v. Inc. Vill. of Valley Stream*, 22 F.3d 26, 31 (2d Cir. 1994) ("Here, because it is undisputed that the services provided by Martz that are the subject of the dispute did not result in an affirmative recovery of any sort, section 475 [of the New York Judiciary Law] is inapplicable and Martz's attempt to use it as the basis for an alleged entitlement must fail."); *Hampshire Grp. Ltd.*, 2015 WL 5306232, at *6; *Galven v. Aspen Corp.*, 967 F. Supp. 2d 615, 627 (E.D.N.Y. 2013); *Rosewood Apartments Corp. v. Perpignano*, No. 99 Civ. 4226, 2005 WL 1084396, *3–4 (S.D.N.Y. May 5, 2005); *Int'l Telecomm., Inc. v. Generadora Electrica del Oriente, S.A.*, No. 00 Civ. 8695, 2004 WL 307455, *1 (S.D.N.Y. Feb.13, 2004); *In re Schick,* 215 B.R. 13, 16 (S.D.N.Y. 1997) ("The claim to void the attachment is no different than defending the defendant's right in its existing property . . . [therefore] voiding the attachment will merely give the defendant the same right to and use of the fund it enjoyed on day one. For this reason, the 'claim' does not support a charging lien.").

In the instant case, although the issue of TSLF's entitlement to a charging lien has not been properly briefed, the record establishes (and the instant motion confirms) that TSLF acted as predecessor counsel to Defendants. Further, after the Amended Complaint was filed, TSLF, on behalf of Defendants, filed a motion to dismiss [DE 14], which was subsequently granted, in

part, and, denied in part, by Judge Spatt. DE 39. Thereafter, following the substitution of successor counsel for TSLF, Answers to the Amended Complaint were interposed. *See* DE 50, 55. Notably, neither Answer asserts counterclaims that could result in an affirmative monetary recovery on behalf of defendants. *See Hampshire Grp. Ltd.*, 2015 WL 5306232, at *7 ("Bringing counterclaims is not enough to trigger the enforceability of a charging lien. Rather, '[t]he majority of precedents . . . hold that, for want of a better term, some available cash proceeds must be created in order to provide a corpus to satisfy the lien.'") (quoting *J.K.V. v. T.W.C.*, 49 Misc. 3d 899, 910, 966 N.Y.S.2d 812, 821 (Sup. Ct. 2013) (citing cases)). As such, this appears to be a case in which TSLF undertook to defend against affirmative claims brought by the Plaintiff but otherwise did not interpose counterclaims that could have given rise to an independent monetary recovery for the Defendants. Rather, if Defendants are successful in this suit, they would remain in the same monetary position they would have enjoyed had the suit not been filed in the first instance, other than the expense of defending the litigation. *See In re DeWolfe*, 494 B.R. 193, 194 (W.D.N.Y. 2013) ("There are many cases under New York Judiciary Law § 475 making it clear that there can be no charging lien upon the proceeds of a property interest that the client already had before his or her lawyer expended time and energy [ ] in preserving that interest. . . ."); *Galvez v. Aspen Corp.*, 967 F. Supp. 2d 615, 627 (E.D.N.Y. 2013) ("Given the fact that the services rendered by V & A in this action have not created any 'proceeds,' there is nothing to which a lien can attach."). As such, no claim has been properly asserted by TSLF within the meaning of New York Judiciary Law § 475 which could serve as the basis for a proper charging lien. *See In re Schick*, 215 B.R. at 15 ("The prerequisites to the creation of a charging lien are well-settled; as a result of the attorney's efforts, (1) the client must assert a claim, (2) which can result in proceeds (3) payable to or for the benefit of the client.");

*see also Martz*, 22 F.3d at 31; *Tunick v. Shaw*, 6 Misc. 3d 1014(A), 800 N.Y.S.2d 358 (Sup. Ct. 2004), *aff'd as modified*, 45 A.D.3d 145, 842 N.Y.S.2d 395 (2007) ("[A]n attorney's charging lien does not attach when an attorney merely defends or protects a client's interests in property the client already owns, without asserting an affirmative claim, or obtaining an affirmative recovery.").

Although, "[t]he Second Circuit has made clear that Section 475 [of the New York Judiciary Law] governs attorneys' charging liens in federal courts sitting in New York, and such liens are 'enforceable in federal courts in accordance with its interpretation by New York courts,'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010) (quoting *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 449 (2d Cir. 1998)), in the instant case, there is no affirmative claim or recovery sought that could provide the basis or the funds for such a lien; hence, TSLF's theory of recovery in this instance is misplaced.

However, this does not leave TSLF without a remedy to collect its unpaid fees. Rather, TSLF is free to initiate a plenary action in *quantum meruit*. *See Hampshire Grp. Ltd.*, 2015 WL 5306232, at *4 (recognizing the viability of plenary action in *quantum meruit* in order to recover unpaid fees); *Bretillot v. Burrow*, No. 14CV7633, 2015 WL 5306224, at *7 (S.D.N.Y. June 30, 2015), *report and recommendation adopted*, No. 14 CIV. 7633, 2015 WL 6455155 (S.D.N.Y. Oct. 26, 2015). "Unlike the charging lien, an application in *quantum meruit* is a cause of action that can be exercised by the attorney against all of the former client's assets—not merely against the recovery obtained from a defendant." *Id*. at *15; *see Ocean World Lines, Inc. v. Atlant (USA) Inc.*, No. 06 Civ. 6259, 2008 WL 1776415, *2 (S.D.N.Y. Apr.17, 2008).

Based upon the foregoing analysis, TSLF's letter motion seeking enforcement of its charging lien is DENIED. In the event TSLF seeks to bring a plenary action in *quantum meruit*,

the Court points out that a federal court may, but is not required to, exercise supplemental jurisdiction over fee disputes between litigants and their attorneys when the disagreement relates to the main action." *See Achtman v. Kirby, McInerney & Squire, LLP,* 150 F. App'x 12, 15 (2d Cir. 2005) (citing *Alderman v. Pan Am. World Airways*, 169 F.3d 99, 102 (2d Cir. 1999)); *Bretillot*, 2015 WL 5306224, at *12; *Petition of Rosenman Colin Freund Lewis & Cohen*, 600 F. Supp. 527, 531 (S.D.N.Y. 1984) ("It is well settled that [a] federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes and lien claims between litigants and their attorneys when the dispute relates to the main action, regardless of the jurisdictional basis of the main action.") (internal quotation and citation omitted). Further, since "[a] judgment in *quantum meruit* is functionally a dispositive decision on what is ordinarily styled a 'plenary action in *quantum meruit*,'" any such action must be brought before the assigned district judge in the first instance. *Bretillot*, 2015 WL 5306224, at *1 n. 1.

**SO ORDERED.**

Dated: Central Islip, New York
       November 29, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge